UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DENISE YOUNG,**<br><br>Plaintiff,<br><br>**CHIPOTLE MEXICAN GRILL OF COLORADO, LLC et al,**<br><br>Defendant. | Civil Action No. 22-7452 (KM) (CLW)<br><br>REPORT AND RECOMMENDATION |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court upon Plaintiff Denise Young's motion to remand this matter to the Superior Court of New Jersey. (ECF No. 5). In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court resolves Plaintiff's application without oral argument. Upon careful consideration of the record for this matter, and for good cause shown, and for the reasons discussed herein, the Court respectfully recommends that Plaintiff's motion be **DENIED**.

**I.    RELEVANT BACKGROUND AND PROCEDURAL HISTORY**

In this case, Plaintiff Denise Young alleges that she became ill after Defendant negligently sold food contaminated with salmonella. (*Generally* Am. Compl., ECF No. 1-1 at 11-17). Plaintiff's son purportedly purchased a meal for her at the Chipotle Mexican Grill restaurant located on Market Street in Newark, New Jersey. (*Id.* ¶ 2). Plaintiff alleges that she stored the meal in her refrigerator and consumed it the next day. (*Id.*). Plaintiff claims she experienced symptoms of an illness later that evening and that she received a diagnosis of food poisoning at the emergency room the following day. (*Id.* ¶¶ 3-4).

On June 27, 2022, Plaintiff's counsel sent a pre-suit "notice of claim" letter addressed to the "Owner" of Chipotle Mexican Grill via regular mail, certified mail, and in-person delivery (all directed to the Market Street restaurant location). (Cert. of Cecile D. Portilla, Esquire ¶¶ 2-4, ECF No. 5-2; Portilla Cert. Exs. D-F, ECF Nos. 5-8, 5-9, 5-10). In that letter, counsel represented that Plaintiff had been diagnosed with "Salmonella Gastroenteritis from food poisoning" after eating food from the Chipotle Mexican Grill and made a demand of $250,000.00 to resolve the matter. (Portilla Cert. Ex. D, ECF No. 5-8). On September 9, 2022, Plaintiff commenced this lawsuit by filing a Complaint against "Chipotle Mexican Grill" in the Superior Court of New Jersey. (*Generally*, Compl., ECF No 1-1 at 2-7). On September 15, 2022, Plaintiff filed an Amended Complaint maintaining her claims against "Chipotle Mexican Grill" and adding claims against various fictitiously pled defendants. (*Generally* Am. Compl., ECF No. 1-1 at 11-17). Plaintiff's counsel represents that, on September 16, 2022, someone acting on her behalf served the summons, Amended Complaint, and other case-initiating documents on Defendant by bringing those documents to the Market Street restaurant location and giving them to an individual named Jessica Maia. (Portilla Cert. ¶ 11-12, ECF No. 5-2, Portilla Cert. Ex. B, ECF No. 5-6).

On or about October 11, 2022, defense counsel served Plaintiff's attorney with a Demand for a Statement of Damages. (Decl. of William H. Yost, Ex. 3, ECF No. 11-4). Defendant filed an Answer to the Amended Complaint in the Superior Court on November 8, 2022. (Portilla Cert. ¶¶ 13-14, ECF No. 5-2; Portilla Cert. Ex. G, ECF No. 5-11). On November 22, 2022, Plaintiff responded to Defendant's Demand for a Statement of Damages, representing that she was seeking a total of $250,000.00 in compensation for her alleged injuries. (Decl. of William H. Yost, Ex. 4, ECF No. 11-5).

On December 21, 2022, Defendant removed the case to the United States District Court. (*Generally* Notice of Removal, ECF No. 1). On January 20, 2023, Plaintiff filed a motion to remand. (Pl. Motion to Remand, ECF No. 5). Defendant filed an opposition on February 20. (ECF No. 11). Plaintiff did not file a reply.

II.   **LEGAL DISCUSSION**

In Plaintiff's motion to remand, she argues: (1) subject matter jurisdiction is inappropriate under 28 U.S.C. § 1332 because, like her, certain of the fictitiously pled defendants likely reside in New Jersey; (2) Defendant failed to remove this matter within 30 days of receiving the Amended Complaint, thereby failing to meet the timing requirements set out in 28 U.S.C. § 1446(b); and (3) removal would be improper because Defendants "defaulted" in the Superior Court prior to removal. (*Generally*, Pl. Br., ECF No. 5-1). In their opposition, Defendant responded to Plaintiff's arguments point-for-point. (*Generally*, Opp. Br., ECF No. 11). The Court will address each issue in turn.

A. **Diversity of the Parties**

The Court will first address Plaintiff's argument regarding diversity of citizenship under 28 U.S.C. § 1332 because, without complete diversity between Plaintiff and all Defendants, the District Court would lack subject matter jurisdiction over this case.[1] 28 U.S.C. § 1447(c), in turn, provides in relevant part: "'[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The United States Court of Appeals for the Third Circuit has cautioned that "[t]he removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" *Boyer v. Snap-On Tools Corp.*,

---

[1] No party suggests that this action involves a federal question such that subject matter jurisdiction might be appropriate under 28 U.S.C. § 1331, nor is any federal question apparent on the face of the pleadings.

3

913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch & Signal Div., Am. Standard, Inc.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).  Moreover, the "party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists." *Id.* (citing *Steel Valley*, 809 F.3d at 1010, 1012, n. 6).

Defendant removed this case solely on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). (*Generally* Notice of Removal, ECF No. 1).  That statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a).  To properly remove a case to federal court on the basis of diversity, a party must generally "establish that there is diversity at the time the complaint was filed and at the time of removal." *Piacentile v. Thorpe*, No. 12-7156 (ES), 2015 U.S. Dist. LEXIS 150090, at *5 (D.N.J. Nov. 5, 2015) (citing *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 112 L. Ed. 2d 951 (1991); *Fry Metals Inc. v. Cheng*, No. 94-5206, 1995 U.S. Dist. LEXIS 4010, 1995 WL 138945, at *3 (D.N.J. Mar. 28, 1995)).

Here, the record reflects that Plaintiff is a resident of New Jersey, while Defendant is a citizen of both Delaware and California for diversity purposes. (*See* Def. Corporate Disclosure Statement, ECF No. 2) (noting that Defendant's sole member, Chipotle Mexican Grill, Inc. is a Delaware corporation with a principal place of business in California).  There is, as a result, a complete diversity of citizenship between the existing parties.  Plaintiff argues that the fictitiously pled defendants – generally identified as certain of the Newark, New Jersey restaurant location's employees and supplies – likely reside in New Jersey, thereby depriving the Court of subject matter jurisdiction under 28 U.S.C. § 1332. (Pl. Br. at 13, ECF No. 5-1).  This Court disagrees.

Pursuant to 28 U.S.C. § 1441(b)(1), when "determining whether a civil action is removable on the basis of [diversity] jurisdiction, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). At the time of both filing and removal, Chipotle Mexican Grill was the lone named defendant. The Court has already determined herein that there is complete diversity of citizenship between Plaintiff and that entity. The record further establishes that the amount in controversy in this matter exceeds $75,000. (*E.g.*, Decl. of William H. Yost, Ex. 4, ECF No. 11-5) (plaintiff claiming $200,000 in damages). The District Court therefore enjoys subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

## B. Timing of the Defendant's Removal

The Court next examines Plaintiff's argument that Defendant's removal was late and therefore procedurally deficient. The Court finds that it was not. As the record reflects that Plaintiff failed to effectuate proper service on Defendant, the 30-day removal period mandated under 28 U.S.C. § 1446(b)(1) never began to run.

If a defendant seeks to remove a proceeding to federal court, that party must file a notice of removal "within 30 days after the receipt . . . through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Interpreting that provision, the Supreme Court has held "that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L.Ed.2d 448, 455 (1999). "Thus, the removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service." *Di Loreto v. Costigan*, 351 F. App'x

747, 751 (3d Cir. 2009) (citing *Murphy Bros.*, 526 U.S. at 350).  Moreover, "[t]he party responsible for effecting service has the burden of demonstrating that service was proper."  *Sharp v. Kean Univ.*, 153 F. Supp. 3d 669, 677, n.5 (D.N.J. 2015) (citing *Grand Entm't Group v. Star Media Sales*, 988 F.2d 476, 488 (3d Cir.1993)); *Rodrigues v. Main*, No. 19-cv-14708 (MCA), 2020 WL 8620160, at *1, n. 3 (D.N.J. Sept. 28, 2020).

A party can serve a limited liability company, such as Defendant, by following the procedure for serving a corporation.  *See Trs. of Teamsters Health & Welfare Fund v. Moulton Ladder & Scaffolding, LLC*, 2022 U.S. Dist. LEXIS 25823, at *6 n.1 (D.N.J. Feb. 11, 2022) ("This Court discerns no meaningful difference, in this context, between an LLC and a traditional corporation because the underlying rationale in *West* and *Jameson* was to ensure that the served papers reached someone important enough in the organization who could respond to the suit."). Under New Jersey law, a party can effectuate service on a corporation by personally serving a copy of the summons and complaint:

> on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law;

N.J. Ct. R. 4:4-4(a)(6).

Where a party attempts to serve a corporation through its agent, that party has the burden of showing that the agent "had specific authority, express or implied, for the receipt of service of process".  *Local 617 Int'l Bd. of Teamsters v. Hudson Bergen Trucking Co.*, 182 N.J. Super. 16, 20-21 (App. Div. 1981).  A person's acceptance of service alone is insufficient to establish his or

her authorization to receive service on behalf of a corporation under New Jersey law. *Id*. For instance, in *Jameson v. Great Atlantic and Pacific Tea Co.*, 363 N.J. Super. 419, (App. Div. 2003), the New Jersey Superior Court, Appellate Division found that a plaintiff could not effectuate service on a supermarket corporation by delivering a summons and complaint to a cashier in one of the corporation's local markets, rather than serving an appropriate person at the entity's corporate office. *Id.* at 428-29. The Jameson court further explained that nothing in the record reflected that the cashier was "sufficiently integrated" with the corporation—meaning he or she would know what to do with the papers—to give the process server assurance that she had the authority to accept service on behalf of the corporation. *Id.* at 428; *see also West v. Am. Honda Motor Co.*, No. 08-0700 (NLH), 2008 U.S. District LEXIS 72343 **12-13 (D.N.J. Aug. 28, 2008) ("New Jersey courts have found that mere acceptance of service by an employee, other than an officer, director, trustee or managing or general agent, does not establish that the employee was authorized to do so.").

Here, Plaintiff served copies of the Summons, Amended Complaint, Track Assignment Notice, and other initial documents on a person identified only as "Jessica Maia" at the Chipotle Mexican Grill restaurant in Newark, New Jersey. (Portilla Cert. Ex. C, ECF No. 5-7). Similar to *Jameson*, in which the plaintiff failed to demonstrate that service on a cashier was sufficient to bind his corporate employer, Plaintiff has not provided any proof that Ms. Maia was an "officer, director…managing or general agent" of Defendant. N.J. Ct. R. 4:4-4(a)(6) (emphasis added). Similarly, Plaintiff has made no attempt to satisfy her burden of demonstrating that Ms. Maia had "specific authority, express or implied, for the receipt of service of process" on Defendant's behalf. *Local 617*, 182 N.J. Super. at 20-21. Indeed, nothing in the record suggests who Jessica Maia is, let alone that Plaintiff satisfied the requirements of New Jersey Court Rule 4:4-4 and related case

law vis-à-vis Defendant by leaving the Summons and Amended Complaint with her. Plaintiff has simply not carried her burden of establishing that her service on Defendant was proper. *Sharp v. Kean Univ.*, 153 F. Supp. 3d at 677.

Based on these circumstances, the Court finds that the Plaintiff's service of process on Defendant was insufficient, and thus the 30-day removal period set forth in 28 U.S.C. § 1446(b)(1) never commenced.² Defendant's removal was therefore timely under that statute. In light of this determination, the Court need not consider whether Plaintiff's pre-suit Notice of Claim was legally sufficient to put Defendant on notice of the amount of controversy in this matter.

### C. Legal Impact of Defendant's Alleged Default

Plaintiff also suggests, without citing a case on-point, that Defendant's alleged default in the New Jersey Superior Court deprives the United States District Court of jurisdiction or otherwise renders removal improper. (Pl. Br. at 6-12, ECF No. 5-1). That argument fails on multiple grounds.

Even assuming, without deciding, that Plaintiff's basic premise is correct, and that an entry of default would have jurisdictional implications that override federal statutory law, nothing in the record suggests that Plaintiff applied for an entry of default pursuant to New Jersey Court Rule 4:43-1, let alone that the Superior Court entered a default against Defendant. More importantly, because Plaintiff failed to effectuate formal service on Defendant, any such default would be a nullity. *See, e.g.*, *Advanced Surgery Ctr. v. Conn. Gen. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 117973 (D.N.J. 2012) ("a default or even a default judgment . . . would have been completely unenforceable against [the defendant] because…the service failure here would have deprived a

---

² Defendant argues that its counsel's act of filing a Notice of Appearance in the Superior Court on October 8, 2022 did not constitute a waiver of service. Plaintiff has not suggested otherwise, and the Court will not address the issue further herein.

court of personal jurisdiction."); *Wolde-Meskel v. Klausz*, Nos. A-0608-09T2, A-2515-09T2, 2012 N.J. Super. Unpub. LEXIS 842, at *18 (App. Div. Apr. 17, 2012) ("In any event, we conclude the initial service of process was inadequate, thereby voiding the default judgment."). In short, Plaintiff's failure to properly serve Defendant scuttles any argument based on Defendant's alleged default.

### III.   CONCLUSION

As the District Court has subject matter jurisdiction over this matter and Defendant's removal was timely and otherwise appropriate, the Court finds that Plaintiff's motion to remand should be denied.

Based on the foregoing, it is on this 14th day of July, 2023,

**RECOMMENDED** that the District Court deny Plaintiff's motion to remand. (ECF No. 5).

s/ Cathy L. Waldor<br>
**Hon. Cathy L. Waldor, U.S.M.J.**